IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWN A. BELL                             *
        Plaintiff,
v.                                        *   CIVIL ACTION NO. ELH-14-2340

JUDGE BAYNES                              *
JUDGE BAKER
        Defendants.                  *
                                          *****

MEMORANDUM

On July 23, 2014, the court received for filing a civil rights action complaint (ECF No. 1) submitted by Shawn A. Bell, also known as Shawn Taylor, a resident of Baltimore, Maryland. Bell, who is self-represented, filed eleven complaints on the same date.[1] Bell challenges rulings entered by Cecil County Circuit Court Judge Baynes and Cecil County District Court Judge Baker, which she claims violated "double jeopardy," were carried out without jurisdiction, did not provide her with an "emergency hearing," and exceeded the 72-hour holding rule for interstate extradition. ECF No. 1. She seeks $24,000,000 in damages. Because she appears indigent, Bell's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted. For reasons to follow, however, the complaint shall be dismissed as frivolous.

---

[1] In addition to the instant case, *see Bell v. MCIW*, Civil Action No. ELH-14-2339 (D. Md.); *Bell v. DHMH Eastern Shore Hospital*, Civil Action No. ELH-14-2341 (D. Md.); *Bell v. Woodlawn Police Dep't.*, et al., Civil Action No. ELH-14-2342 (D. Md.); *Bell v. MTA Police*, et al. Civil Action No. ELH-14-2343 (D. Md.); *Bell v. Cecil County*, Civil Action No. ELH-14-2344 (D. Md.); *Bell v. Office of Public Defender*, Civil Action No. ELH-14-2345 (D. Md.); *Bell v. Probation Office*, Civil Action No. ELH-14-2346 (D. Md.); *Bell v. Cecil County State Attorney's Office*, Civil Action No. ELH-14-2347 (D. Md.); *Bell v. Cecil County Clerk of the Courts, et al.*, Civil Action No. ELH-14-2348 (D. Md.); and *Bell v. Cecil County Sheriff Dep't*, Civil Action No. ELH-14-2349 (D. Md.).

The in forma pauperis statute authorizes district courts to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is proceeding in forma pauperis, the court must conduct a sua sponte screening of this complaint.  The court must identify any viable claim and must dismiss any part of the action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

A complaint filed by a self-represented litigant is liberally construed.  *Erickson v. Pardus,* 551 U.S. 89 (2007).  Nevertheless, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must present "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to plaintiff.  *Id.* at 555.

The complaint lacks any clear factual allegations regarding Bell's criminal case history.  But, the court sees no need to obtain supplemental materials from Bell in this case, as the State court judges she seeks to sue are not subject to suit.  Clearly, the alleged actions (or inactions) of Judges Baynes and Baker occurred in their capacity as judges.  Therefore, Bell's claims against the judges are barred by the doctrine of judicial immunity and must be dismissed.  *See Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Forrester v. White*, 484 U.S. 219, 226-27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

The court finds that the instant matter is subject to dismissal under 28 U.S.C. § 1915.  A separate Order follows.


Date:  August 4, 2014                              /s/
                                            Ellen Lipton Hollander
                                            United States District Judge